IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMARIYO DRANE,

            Petitioner,

   v.

WARDEN, CORRECTIONS RECEPTION
CENTER, *et al.*,

   Respondents.

Case No. 18-cv-126
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." If it does so appear, the petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). Here, for the reasons that follow, it plainly appears from the face of the petition that Petitioner is not entitled to relief, and the Undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** as unexhausted.

### I. Facts and Procedural History

On January 20, 2010, Petitioner was tried and convicted of aggravated robbery in violation of O.R.C. § 2911.01(A)(1), a felony of the first degree, with a three-year firearm

specification, in the Court of Common Pleas for Montgomery County, Ohio.[1] *State of Ohio v. Drane*, No. 23862, 2012 WL 1580429, at *1 (Ohio Ct. App., May 4, 2012), *appeal not allowed*, 975 N.E.2d 1029 (Ohio 2012). Petitioner alleges that he was sentenced to serve a total of seven years for that conviction, including the three years for the firearm specification. (ECF No. 1, at PAGEID # 4, ¶18.) On appeal, Petitioner challenged the state trial court's decision to transfer him from the juvenile division to the general division, and asserted that the three-year sentence for the firearm specification was inappropriate and against the manifest weight of the evidence. *State of Ohio v. Drane*, No. 23862, 2010 WL 4925713, at *1 (Ohio Ct. App., Dec. 3, 2010). On December 3, 2010, the state appellate court affirmed Petitioner's conviction and sentence after Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Id.*

On May 26, 2011, the state appellate court granted Petitioner leave to reopen his original appeal and assert two assignments of error—a challenge to the imposition of court costs and a challenge to the premature disapproval of transitional control—but denied Petitioner leave to assert an assignment of error related to being bound over to the general division because that issue had already been overruled in the original appeal. *Id*. On June 6, 2011, the state appellate court granted Petitioner's motion to reconsider that ruling, reasoning that by allowing Petitioner leave to reopen his original appeal for two meritable issues, it had implicitly found that

---

[1] Jurisdiction and venue are proper in the Southern District of Ohio pursuant to 28 U.S.C § 2241(d). Petitioner was convicted in Montgomery County and appears to be in custody in Warren County, both of which are located in the Southern District of Ohio. (ECF No. 1, PAGEID # 19.) Petitioner incorrectly alleges that he was convicted in the Court of Common Pleas for Franklin County, Ohio. (ECF No. 1, PAGEID # 4, ¶18.) On the basis of that allegation, this action was transferred to this Court's Eastern Division from its Western Division at Dayton pursuant to this Court's Local Rule 82.1(f). (ECF No. 3.) Nevertheless, the goal of that Local Rule, which was developed by the Judges of this Court, is to balance workload and efficiency. Accordingly, because jurisdiction and venue can be had anywhere in the Southern District of Ohio, in the interests of efficiency, the Undersigned elects to retain this action.

Petitioner's counsel was ineffective when counsel filed an *Anders* brief. *Id*. at *2. Accordingly, the appellate court allowed new appointed counsel to raise the two assignments of error that had already been permitted, as well as any other issues identified by counsel as worthy. *Id*.

Petitioner ultimately asserted six assignments of error in his reopened appeal. Three assignments related to the trial court's decision to transfer Petitioner from the juvenile division to the adult division, and one assignment related to the ineffectiveness of trial counsel. *Id*. at *2, 4–5. On May 4, 2012, the state appellate court overruled all four of those assignments of error. The state appellate court, however, sustained the two assignments that had originally been permitted—related to court costs and the premature disproval of transitional control. Accordingly, the state appellate court remanded the case so that Petitioner could move the trial court for a waiver of court costs and instructed the trial court delete the disapproval of transitional control from its judgment entry. *Id*. at *4. It appears that the trial court amended the entry of judgment with regard to those items on May 25, 2012, and granted Petitioner's subsequent motion to waive court costs on November 18, 2015. *See State of Ohio v. Jamariyo Drane*, Montgomery County Court of Common Pleas, Case No. 23862, Docket Sheet. It also appears that Petitioner attempted to appeal the four unfavorable determinations, but that the Ohio Supreme Court declined jurisdiction. *See id.*

In this federal action, Petitioner alleges that he completed his "judicially imposed" seven-year "prison sentence" on June 12, 2016. (ECF No. 1, PAGE ID # 4, ¶19.) Petitioner further alleges that on December 20, 2017, he was arrested by Ohio's Adult Parole Authority ("APA") and taken to the Franklin County jail. (*Id*. at PAGEID # 5, ¶20.) A document attached to the petition indicates that on January 29, 2018, Petitioner was found guilty of violating the terms of his post-control release ("PRC") and sentenced by the APA to serve 229 days for that PRC

3

violation. (ECF No. 1, PAGE ID # 19.) Petitioner alleges, and a document attached to the petition indicates, that Petitioner received a hearing in front of an APA hearing officer and the assistance of appointed counsel before he was reincarcerated for the PRC violation. (*Id*. at PAGEID # 5, ¶22; PAGE ID # 19.)

Petitioner challenges the constitutionality of Ohio's statute delineating the imposition of mandatory PRC for persons convicted of certain offenses, Ohio Rev. Code. § 2967.28. Specifically, Petitioner alleges that § 2967.28 constitutes a Bill of Attainder (Ground One); violates the Double Jeopardy Clause (Ground Two); violates the Due Process Clause (Ground Three); and violates the Separation of Powers Doctrine (Ground Four). (*Id*. at PAGEID ## 14–16.) He asks the Court to order his release from state custody and to enjoin enforcement of § 2967.28.

**II. Governing Law**

As a preliminary matter, Petitioner's claims are properly asserted under 28 U.S.C. § 2254 instead of § 2241.[2] *See Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (explaining that although a federal prisoner may collaterally attack the lawfulness of a sentence under 28 U.S.C. § 2255 and the execution of a sentence under § 2241, a state court prisoner can use § 2254 to assert both types of challenges). Section 2254 applies in post-trial situations where a plaintiff is

---

[2] Petitioner also may have intended to invoke 42 U.S.C. § 1983. That invocation would be unavailing because Petitioner seeks a writ securing his immediate release. (ECF No. 1, PAGEID # 16, ¶1.) Habeas is the exclusive remedy for a petitioner who challenges the fact or duration of his custody and seeks immediate or speedier release. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Although Petitioner also seeks injunctive and declaratory relief, it is clear that this relief would result in his immediate release as opposed to relief that would not necessarily impact the fact or duration of his confinement. Petitioner does not, for example, appear to seek a change in the procedures used by APA to make PRC violation determinations. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014). If Petitioner wishes to assert claims under § 1983, he must initiate a separate action and pay the filing fee that applies to such actions or seek leave to proceed *in forma pauperis*.

"in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see also Atkins v. Michigan,* 644 F.2d 543, 546 n. 1 (6th Cir.), *cert. denied,* 452 U.S. 964 (1981). Section 2241 can also be used to bring pretrial petitions by persons in custody, regardless of whether final judgment has been rendered. *Atkins,* 644 F.2d at 546 and n. 1, *See also Fisher v. Rose,* 757 F.2d 789, 792 n. 2 (6th Cir. 1985); *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981). But Petitioner does not allege that he is a pretrial detainee. Regardless of whether he proceeds under § 2254 or § 2241, Petitioner has failed to exhaust his claims.

### III. Exhaustion

Before a federal habeas court may grant habeas corpus relief, a state prisoner must exhaust his available state court remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (1993). *See also* 28 U.S.C. § 2254(d)(1). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254 (b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

Although not entirely clear, it appears Petitioner generally contends that because he "has already completed the judicially imposed definite prison term," the sentencing court "lost jurisdiction" over him, and thus the APA could not reincarcerate him for a PRC violation after he served his sentence. (*Id*. at PAGEID # 4, ¶¶ 11-12; PAGEID # 5, ¶24; PAGEID # 8, ¶41.) Although Ohio law does not provide an appeal procedure for PRC violation determinations, to

5

the extent Petitioner alleges that his sentence has fully expired, a habeas corpus action in the Ohio courts can be used to challenge actions taken by the APA when they result in a person being confined after jurisdiction over him has expired. *Brewer v. Dahlberg*, 942 F.2d 328, 337-40 (6th Cir. 1991) (*citing In re Anderson*, 380 N.E.2d 368, 369 (Ohio Ct. App. 1978)). Petitioner does not allege that he has filed a habeas action in the state court.

Under Ohio law, a writ of mandamus is also available if a petitioner can demonstrate (1) that a clear legal right to relief exists; (2) that the respondent has a clear legal duty to perform the requested act; and (3) that no plain and adequate remedy exists in the ordinary course of the law. *State ex rel. Berger v. McMonagle,* 451 N.E.2d 225, 227 (Ohio), *cert. denied*, 464 U.S. 1017 (1983). Ohio courts have heard petitions for mandamus that challenge the actions of the APA. *See Brewer v. Dahlberg,* 942 F.2d 328, 335–36 (6th Cir.1991) (collecting cases regarding mandamus petitions and the APA); *see also State ex rel. Mapson v. Ohio Adult Parole Authority,* 535 N.E.2d 296, 297 (Ohio 1989) (per curiam) (petitioner did not have sufficient evidence to prove retaliatory motive for parole denial); *Rodgers v. Capots,* No. 93-3397, 1993 WL 483476, at *1 (6th Cir. Nov. 23, 1993) (denial of habeas corpus petition appropriate when petitioner did not exhaust available state court remedies, including a writ of mandamus). Thus, a mandamus petition can be used in some instances to pursue relief from improper incarceration by the APA. Petitioner does not allege that he has filed an action for mandamus.

Moreover, to the extent Petitioner complains that his sentence did not include provisions for PRC, review may still be available, either through direct appeal or collateral attack, in the courts of Ohio. The APA cannot impose post-release control sanctions unless a trial court has imposed post-release control in its sentence. *See State v. Billiter*, 980 N.E.2d 960, 964 (Ohio

2010). Although § 2967.28 provides that PRC is mandatory for certain offenses, including a first degree felony, a sentencing entry by an Ohio court must contain the following information:

> (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute."

*State v. Hardy*, No. 17 CA 11, 2017 WL 6550471, at *3 (Ohio Ct. App. Dec. 12, 2017) (quoting *State v. Grimes*, 85 N.E.3d 700, 702 (Ohio 2017)) "A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer,* 942 N.E.2d 332, ¶1 of the syllabus (Ohio 2010). Petitioner does not allege that he attempted to collaterally attack his sentence in the state court on this basis.

## IV. Recommended Disposition

Therefore, the Undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** as unexhausted.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE